DENNIS A. CAMMARANO / 6154
CAMMARANO LAW GROUP
555 East Ocean Boulevard, Suite 501
Long Beach, California  90802
Telephone:  (562) 495-9501
Facsimile:   (562) 495-3674
e-mail: dcammarano@camlegal.com

Attorney Plaintiff,
NIPPON EXPRESS U.S.A. (ILLINOIS), INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIPPON EXPRESS U.S.A. (ILLINOIS), INC., | ) IN ADMIRALTY ) |
| Plaintiff, | ) **CASE NO.** |
| vs. | ) ) |
| APL PTE LTD., a corporation; AMERICAN PRESIDENT LINES LTD., a corporation; CONTAINER LOGISTICS GROUP INC., a corporation; G5 LOGISTICS INC., a corporation; BMG LOGISTICS, a New Jersey business of unknown form; JOSEPH E. GOODWIN, as an individual and doing business as G5 Logistics and as BMG Logistics; BRIANNA GOODWIN, an individual and doing business as BMG Logistics; TRICIA M. GOODWIN, doing business as G5 Logistics and BMG Logistics; and DOES 1 through 10, inclusive | ) **COMPLAINT FOR INDEMNITY** ) **AND BREACH OF CONTRACT** ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiff NIPPON EXPRESS U.S.A. (ILLINOIS), INC. (hereafter "NEU")

alleges as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1332 in that the place of incorporation and the principal place of business of Plaintiff is distinct from each defendant. and the amount in controversy exceeds $75,000 exclusive of interest and costs. In addition, this court has supplemental jurisdiction under 28 U.S.C. § 1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 13901(b) in that a substantial part of the events or admissions giving rise to this controversy occurred in this district.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

3. Plaintiff NEU is a New York corporation with an office and principal place of business at 24-01 44th Road, 14th Floor, Long Island City, New York 11101.  Plaintiff was doing business in this judicial district as a logistics and transportation provider to clients including Creekstone Farms Premium Beef, LLC (hereafter "Creekstone Farms").  Plaintiff brings this action on its own behalf and on behalf of those having indemnified the cargo claimant on behalf of Plaintiff.

4. At all times material herein, Defendants APL Pte. Ltd. and American President Lines Ltd. (hereafter "APL" or with DOES, "Defendants") are foreign corporations doing business in this judicial district with an office and place of business at 26 Century Blvd., Suite 400, Nashville, Tennessee 37214 and 16220

North Scottsdale Road, Suite 300, Scottsdale, Arizona 85254.

5. At all times material herein, Defendant CONTAINER LOGISTICS GROUP, INC. (hereafter "CLG" or with DOES, "Defendants"), was a New Jersey corporation engaged in business as a motor common carrier, freight forwarder, warehouseman and logistics provider of goods for hire between various places including in and out of this judicial district with a principal office and place of business at 720 West Edgar Road, Linden, New Jersey 07036.

6. At all times material herein, Defendant G5 LOGISTICS, INC. (hereafter "G5" or with DOES, "Defendants"), was a New Jersey corporation engaged in business as a motor common carrier, freight forwarder, warehouseman and logistics provider of goods for hire between various places including in and out of this judicial district with a principal office and place of business at 77 Hanover Road, Mountain Lakes, New Jersey 07046.

7. At all times material herein, Defendant BMG LOGISTICS (hereafter "BMG" or with DOES, "Defendants"), was a New Jersey entity of unknown form, engaged in business as a motor common carrier, freight forwarder, warehouseman and logistics provider of goods for hire between various places including in and out of this judicial district with a principal office and place of business at 77 Hanover Road, Mountain Lakes, New Jersey 07046.

8. At all times material herein, Defendants JOSEPH GOODWIN,

BRIANNA GOODWIN and TRICIA GOODWIN (hereafter "GOODWIN" or with DOES "Defendants") were individuals, engaged in business as a motor common carriers, freight forwarders, warehousemen and logistics providers of goods for hire between various places including in and out of this judicial district with a principal office and residence at 77 Hanover Road, Mountain Lakes, New Jersey 07046.

9. At all times material herein, GOODWIN by their complete exercise of dominion and control, are the alter ego of G5 and BMG which constitute a single entity. Between these parties there is an interdependency of operations and commonality of management, directors, and officers. There is a consolidation of financial, strategic, and legal operations and GOODWIN has used these entities and the assets of these entities for their own purposes.

10. Plaintiff has no knowledge of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, except that Plaintiff is informed and believes, and on that basis alleges, that the loss of the cargo was proximately caused by Defendants' wrongful acts. Plaintiff therefore sues the Defendants by such fictitious names and Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

11. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants were at all times herein mentioned the agent, servant, employee,

or contractor of the other Defendants.

12. In March of 2015, Creekstone Farms sold a shipment of chilled beef to its customer in Amsterdam, Netherlands. The shipment consisted of cases of various cuts of chilled beef ("Cargo"). The Cargo was tendered in New Jersey to the non-APL defendants who loaded the Cargo into container APRU 510423-6. The non-APL defendants placed seal number 1125048 onto the container and thereafter tendered the containerized Cargo to APL who transported the containerized Cargo to Rotterdam, Netherlands under APL Sea waybills APLU098760784 and APLU 080404050.

13. The Cargo left the United States via the Port of New York destined for Amsterdam, Netherlands, via the port of Rotterdam, Netherlands.

14. Meanwhile, Plaintiff issued bills of lading numbers MSRT449513 and 9514 to Creekstone for the movement from non-APL defendants' facility to the port of Rotterdam, Netherlands.

15. When the containerized Cargo arrived in Rotterdam, Netherlands, the Netherlands Food and Consumer Product Safety Authority refused entry and rejected the Cargo due to the fact that the seal number 1125048 was not firmly affixed to the container.

16. Hence, the Cargo was frozen, returned to the United States and sold at a discount to mitigate the loss.

17. Creekstone Farms made a claim to its insurer for the loss which sought indemnity from Plaintiff in the amount of $134,587.93.

18. Following demand and notice to defendants, Plaintiff has agreed to compromise the Cargo claim by settlement $68,000.00.

19. Plaintiff has incurred legal fees in defending the Cargo claim in excess of $7,000.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Contractual Indemnity)

20. Plaintiff refers to paragraphs 1 through 19, inclusive, of this complaint and incorporates them herein as though fully set forth.

21. On or about January 9, 2013, Plaintiff and Non-APL Defendants and, on March 22, 2015, Plaintiff and APL Defendants entered into a contractual relationship. The Non-APL agreement obligated Non-APL Defendants to provide properly sealed containers to APL. The APL agreement obliged APL Defendants to carry and delivery sealed containers to Rotterdam.

22. Plaintiff has performed all of any conditions and obligations which were required to be performed by it under the contract.

23. The agreements contemplate that Defendants indemnify and hold Plaintiff harmless from the liability and damages as well as all costs, expenses, paid or incurred as a result of the breach of undertaking and negligent acts or

omissions of Defendants and their employees or agents.

24. Plaintiff is unable to determine whether or not the seal was properly affixed to the container by non-APL defendants or if the seal was compromised by APL defendants or both. Hence, Plaintiff sues on alternative and concurrent bases or theories of liability.

25 In any event, Plaintiff's responsibility to Creekstone's insurer was solely passive or secondary to the primary responsibility of Defendants.

26. Defendants have not paid for the loss of the Cargo, and have not indemnified Plaintiff.

27. By reason of the foregoing, Plaintiff has been damaged in the sum of not less than $75,000.00, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Breach of Contract)

28. Plaintiff refers to paragraphs 1 through 27 inclusive, of this complaint and incorporates them herein as though fully set forth.

29. On or about March 22, 2015, Defendants, and each of them, agreed to safely handle, store, count, seal, transport and deliver the Cargo in the same good order and condition as when received.

30. Defendants, and each of them, materially and substantially breached

and deviated from their agreements by failing to deliver the containerized Cargo in the same good order and sealed condition.

31.     Plaintiff performed all conditions and covenants, if any, required to be performed by them in accordance with the terms and conditions of the agreements, and otherwise is excused from any such conditions and covenants.

32.     By reason of the foregoing, Plaintiff has been damaged in a sum not less than $75,000.00, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants.

WHEREFORE NEU prays for judgment against DEFENDANTS, and each of them, joint and severally as follows:

1.     That NEU recover judgment against DEFENDANTS, and each of them, in a sum not less than $75,000.00, plus interest at the legal rate, costs and attorney's fees in defending and mitigating the claim of Creekstone's insurer;

2.     For costs of suit herein; and,

3.     For such other and further relief as the court deems just and proper.

Dated: July 5, 2016                             CAMMARANO LAW GROUP

                                                By: /s/Dennis A. Cammarano
                                                    Dennis A. Cammarano
                                                    Attorney for Plaintiff,
                                                    NIPPON EXPRESS U.S.A.
                                                    (ILLINOIS), INC.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial by the general venire.

Dated: July 5, 2016                    CAMMARANO LAW GROUP

                                      By: */s/Dennis A.  Cammarano*
                                          Dennis A. Cammarano
                                          Attorney for Plaintiff,
                                          NIPPON EXPRESS U.S.A.
                                          (ILLINOIS), INC.
                                          *3356Complaint070516.2.wpd*